UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
MOSES PACHECO, JR.,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE
OFFICER JOHN SANTIAGO (Shield
# 6708), SERGEANT JUAN ORTIZ[1],
POLICE OFFICER CAVALARO[2]
POLICE OFFICER CRUZ[3] and POLICE
OFFICERS JOHN DOE 1-4,

                Defendants.
-------------------------------------------------x

09 CV 9898 (RJH)

AMENDED COMPLAINT

JURY DEMAND

MOSES PACHECO, JR. by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER JOHN SANTIAGO (Shield # 6708), SERGEANT JUAN ORTIZ, POLICE OFFICER CAVALARO, POLICE OFFICER CRUZ and POLICE OFFICERS JOHN DOE 1-4, upon information and belief, alleges as follows:

## NATURE OF THE ACTION

    1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities

---

[1] Within the documents produced to the plaintiff's attorney by the defendant City's attorneys, specifically that document Bates numbered "NYC 4", this officer is stated to be the "supervisor approving" of the defendant officers arrest of the plaintiff. However the shield number of said officer is not specified within said document, nor is said officer's address for service of process.

[2] Within the documents produced to the plaintiff's attorney by the defendant City's attorneys, specifically that document Bates numbered "NYC 5", this officer is stated to be the "finder of property" (which within said document, is identified as a "pill of alleged controlled substance"). However the first name and shield number of said officer is not specified within said document, nor is said officer's address for service of process.

[3] Within the documents produced to the plaintiff's attorney by the defendant City's attorneys, specifically that document Bates numbered "NYC 38", this officer is stated to be the "finder of property" of purported illegal substances that were purportedly found in the possession of a young man, namely James Burgess, who was arrested at the same time and place the plaintiff was, thus confirming that he was one of the officers who unlawfully stopped and searched the plaintiff on June 3, 2006. However the first name and shield number of said officer is not specified within said document, nor is said officer's address for service of process.

secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

2. All conditions precedent to filing of this action have been complied with; on July 29, 2009, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff's counsel, was served upon the defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff was assigned the following claim number by the defendant City of New York: 2009PI019009.

3. On October 28, 2009, the plaintiff filed an "Amended Notice of Claim".

4. At least thirty days have elapsed since the initial service of the above-mentioned notice of claim, and adjustment or payment of the plaintiff's claim has been neglected or refused.

5. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which each plaintiff's claim is based.

JURISDICTION

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

7. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

8. During all times material to this complaint, the plaintiff MOSES PACHECO, JR. was a resident of the State of New York, residing in Bronx County.

9. At all relevant times, defendants POLICE OFFICER JOHN SANTIAGO (Shield # 6708), SERGEANT JUAN ORTIZ, POLICE OFFICER CAVALARO, POLICE OFFICER CRUZ and POLICE OFFICERS JOHN DOE 1-4 of the New York City Police Department (collectively referred to as "defendant officer(s)"), were upon information and belief, and still are, law enforcement officers in the employ of the Police Department of the City of New York.

10. At all times herein, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity, and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11. At all relevant times, the defendant City of New York was/is a municipal corporation of the State of New York, and was/is the employer of the defendant Officers, through it's Police Department, namely New York City Police Department and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about June 3, 2009, at approximately 03:00 p.m., on the sidewalk adjacent to the premises known as 2778 Schley Avenue, Bronx, New York 10465, the plaintiff, whilst going about his lawful business, was stopped and searched by the defendant officers.

14. There was absolutely no reasonable basis for the defendant officers to believe that the plaintiff had committed a crime and/or offense at the time they stopped and searched him.

15. During the search, the offending officers found a painkiller that the plaintiff had been prescribed by his treating physician. Even though the plaintiff told the defendant officers that he had been prescribed the painkiller by his treating physician, he was nevertheless arrested by the offending officers, ostensibly for perpetrating the crime/offense of Criminal Possession of a Controlled Substance in the seventh degree (CPL §220.03).

16. That the defendant officers also strip-searched the plaintiff whilst he was on the sidewalk, exposing the plaintiff's private parts to the on-looking general public. There was absolutely no basis for the offending officers to have strip-searched the plaintiff whilst he was on the public sidewalk.

17. Furthermore, there was absolutely no probable cause for the offending officers to arrest the plaintiff, for perpetrating the crime/offense of Criminal Possession of a Controlled Substance in the seventh degree (CPL §220.03).

18. The plaintiff was thereafter driven around in a police vehicle for approximately three hours, while the offending officers stopped and arrested other persons.

19. At approximately 06:00 p.m., the plaintiff was taken to the 43rd precinct, where he was again illegally and unlawfully strip-searched by the offending officers. There was absolutely no basis for the offending officers to have strip-searched the plaintiff.

20. During the strip search, the plaintiff was offensively touched between the buttocks by the offending officers, when they tried, upon information and belief, to ascertain that the plaintiff was not hiding any illegal substances in his private area(s). Nothing illegal was found upon the person of the plaintiff during the illegal and unlawful strip search.

21. Nevertheless, in the paperwork that Police Officer John Santiago maliciously submitted to the Bronx County District Attorney's office in order to cause the plaintiff to be prosecuted criminally, he could not articulate or describe what type of controlled substance the plaintiff was allegedly in possession of at the time of his arrest.

22. As such, the Bronx County District Attorney declined to prosecute the plaintiff and the plaintiff was released.

23. Prior to the Bronx County District attorney declining to prosecute the matter, the plaintiff was caused to spend approximately thirty-three (33) hours in jail before he was released.

## FIRST CAUSE OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

24. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

26. As a result of the aforesaid conduct by the defendant officers, the plaintiff was subjected to an illegal, improper and false arrest, and caused to be taken into custody and falsely imprisoned, detained and confined without any probable cause, privilege or consent.

27. As a result of plaintiff's false arrest and imprisonment, his liberty was restricted for an extended period of time, he was put in fear for his safety, and caused to suffer humiliation, great mental and physical

28. anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

28. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

## SECOND CAUSE OF ACTION: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C § 1983

29. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. The individual defendants issued legal process against the plaintiff, in order to obtain a collateral objective that was outside the legitimate ends of the legal process.

31. Said defendants acted with intent to do harm to the plaintiff, without excuse or justification.

32. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## THIRD CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

33. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. Following the plaintiff's arrest, the defendants strip-searched and/or caused the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

35. As a result of the foregoing, the plaintiff was subjected to illegal and improper strip-searches.

36. The foregoing unlawful strip-searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

FOURTH CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

37. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The defendants arrested and incarcerated the plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

39. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

40. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in drug transactions;

b. manufacturing evidence against individuals allegedly involved in drug transactions;

c. unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

42. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

43. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

44. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

45. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States:

   (a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

46. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

47. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

48. The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

49. The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 5, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Morgan Kunz, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant
The City of New York
100 Church Street
New York, N.Y. 10007
(212) 788-0422

POLICE OFFICER JOHN SANTIAGO (Shield # 6708)
Defendant Pro Se

SERGEANT JUAN ORTIZ
Defendant Pro Se

POLICE OFFICER CAVALARO
Defendant Pro Se

POLICE OFFICER CRUZ
Defendant Pro Se

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 5, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By: _[signature]_

Wale Mosaku, Esq. (AM 5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Morgan Kunz, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for Defendant
The City of New York
100 Church Street
New York, N.Y. 10007
(212) 788-0422

POLICE OFFICER JOHN SANTIAGO (Shield # 6708)
Defendant Pro Se

SERGEANT JUAN ORTIZ
Defendant Pro Se

POLICE OFFICER CAVALARO
Defendant Pro Se

POLICE OFFICER CRUZ
Defendant Pro Se

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:        09 CV 9898 (RJH)
```

MOSES PACHECO, JR.,

                                                              Plaintiff(s),

        -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN SANTIAGO (Shield # 6708), SERGEANT JUAN ORTIZ, POLICE OFFICER CAVALARO POLICE OFFICER CRUZ and POLICE OFFICERS JOHN DOE 1-4,

                                                              Defendant(s).

## AMENDED COMPLAINT

                  LAW OFFICES OF WALE MOSAKU, P.C.
                    Attorney(s) for Plaintiff(s)
                      25 Bond Street, 3rd Floor
                      Brooklyn, New York 11201
                           (718) 243-0994

To:                                         Service of a copy of the within
                                             is hereby admitted.

                                             Dated:................ 200_

Attorney(s) for Defendants